IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PARKWOOD ASSOCIATES LIMITED PARTNERSHIP, a Washington limited partnership, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-742C (Judge Allegra) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to plaintiff's complaint, defendant admits, denies, and alleges as follows:

1. Admits.

2. Admits.

3. The allegation contained in paragraph 3 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

4. Admits.

5. Admits the allegations contained in paragraph 5 to the extent supported by the loan documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 5. The allegation contained in paragraph 5 that the referenced promissory note gave plaintiff an "unfettered right" to prepay the loan at any time is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

6. Admits the allegations contained in paragraph 6 to the extent supported by the deed of trust cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. Denies the allegations contained in the first sentence of paragraph 7. Admits the allegations contained in the second sentence of paragraph 7 to the extent supported by the loan contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 7.

8. Denies the allegations contained in the first three sentences of paragraph 8. Admits the remainder of the allegations contained in paragraph 8 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the remainder of the allegations contained in paragraph 8.

9. Denies.

10. The allegations contained in paragraph 10 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, and the Court is respectfully referred to the cited legislation for a complete statement of its contents.

11. Denies.

12. The allegations contained in paragraph 12 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, and the Court is respectfully referred to the cited statutes and regulations for a complete statement of their contents.

13. The allegations contained in paragraph 13 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

14. Denies the allegations contained in the first sentence of paragraph 14 for lack of knowledge or information to form a belief as to their truth, except to admit that plaintiff

submitted a prepayment application on June 6, 2003. The allegation contained in the second sentence of paragraph 14 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

15. Denies the allegations in paragraph 15, except to admit that defendant processed plaintiff's prepayment application and notified plaintiff that it could prepay, provided that plaintiff signed a restrictive use agreement concerning tenants who occupied the property at the time of prepayment, and that defendant has enforced the terms of the agreements that have been signed by plaintiff.

16. Admits.

17. Admits the allegations contained in the first sentence of paragraph 17 to the extent supported by the deed of trust cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 17. Admits the allegations contained in the second sentence of paragraph 17.

18. Denies the allegations contained in paragraph 18, except to admit that on December 12, 2006, the Rental Assistance Agreement that had been in effect between plaintiff and defendant was terminated.

19. Denies.

20. Defendant incorporates its responses to paragraphs 1 through 19 in response to paragraph 20.

21. Denies.

22. Denies.

23. Defendant incorporates its responses to paragraphs 1 through 22 in response to paragraph 23.

24. Denies.

25. Denies.

26. Denies that plaintiff is entitled to any of the relief requested in the prayer for relief.

27. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the complaint be dismissed and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

**s/Jeanne E. Davidson**
JEANNE E. DAVIDSON

**Filed electronically**

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-8275
Facsimile: (202) 305-7643

Attorneys for Defendant

December 26, 2007

**CERTIFICATE OF FILING**

I hereby certify under penalty of perjury that on this 26th day of December 2007, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**s/Shalom Brilliant**